AUGUSTUS S. LUDLOW *v.* AUGUST WILLICH, Auditor.

Where a tract of land was listed and assessed, and the taxes paid, and afterward an error in the number of acres in the tract was discovered, which the owner reported immediately to the auditor, that officer is not authorized by section 70 (2 S. & C. 1463) of the tax act to assess and levy, himself, upon said tract the back taxes for the excess discovered.

Reserved to General Term.

*Stanton & Richards*, for plaintiff.

*Scarborough & Williams*, for defendant.

HAGANS, J. The plaintiff seeks to enjoin the county auditor from the collection of taxes, alleged to be in arrear for a number of years, upon a tract of land now admitted to contain ninety-five acres. It has been appraised and listed for many years as a lot of twenty-five acres. It appears, from the testimony, that the grantor of the plaintiff owned the whole section, and sold off it, from time to time, several parcels until it was discovered that there was an excess in the section, which not unfrequently occurs, and as soon as it was discovered, the excess still belonging to him was put on the duplicate for taxation by him, whereon the auditor assessed, and was about to collect, back taxes for some twenty years, and this proceeding was brought to restrain him from so doing. It appeared that both the plaintiff and his grantors acted in good faith; that the tract was always listed, assessed, and the taxes paid, and that it was described on the duplicate as containing twenty-five acres, though in fact, but without the knowledge of the owner, it contained ninety-five acres.

It is claimed that section 70 of the tax act (2 S. & C. 1463) furnishes the authority to the auditor for proceeding as he did. That section reads as follows: "It is hereby made the

duty of every person seized of, or holding lands    *    *    *
to list the same for taxation with the county auditor, on or
before the third Monday of May next after the same shall be
subject to taxation; *and in case of neglecting to list the same
as aforesaid*, the county auditor shall, when the same shall
thereafter be listed, charge upon *each tract so neglected to be
listed* the taxes for each year the same shall have been omitted
after becoming liable for taxation, together with" a penalty
and interest.    Under this section the auditor proceeded arbi-
trarily, and, it seems to us, without any authority, to make up
the amount of what he denominates back taxes, and charged
it upon the land, and sought its collection.    He certainly
pursued no method pointed out by the statute for ascertain-
ing the amount, but supposed that by the necessity of the
case arising under this section 70, he had authority to ascer-
tain the amount himself by going through the process of a
supposed assessment and levy.    This might be a dangerous
exercise of power, though we know of no complaint on that
ground in this case.    He might assess back taxes anywhere
and for any length of time at discretion.    At all events, we
think the exercise of such a power by the auditor unauthor-
ized and illegal.

But was this a case for levying the back taxes under the
circumstances of the case?    The *tract* was listed, assessed,
and the taxes paid.    The description of the number of *acres*
in the tract was simply a mistake, of which even the owner
was unapprised until he himself reported it to the auditor
as soon as discovered.    That it had been up to that time
omitted was the fault of the assessor of the district, upon
whom, by section 29 of the tax law (2 S. & C. 1450), de-
volved the duty "to make out and deliver to the auditor of
the county a return, in tabular form, contained in a book to
be furnished by such auditor, of the amount, description, and
value of the real property subject to be listed for taxation in
his district, which return shall contain," among other things,
"the description of each tract, designating the number of
acres," etc.    This was his sworn duty.    The owner did not

Willich *v.* Ludlow.

know of this excess. The same excess has happened in many of the sections, growing out of inaccuracies in the original surveys, and yet not until it was subdivided and accurately surveyed had the owner any knowledge on this subject. His tract was listed and assessed, and the number of acres was, in some respects, immaterial, except so far as it might enable the auditor to ascertain the value of different parcels when subdivided. How, then, can the provisions of section 70 apply to this case? The owner's duty had been performed, and he did not *neglect* to list the excess for taxation, and it is only in that case that back taxes are chargeable. It was rather an omission of duty upon the part of the officers of the law, the penalty of which is nowhere by the statute imposed upon the owner. It would, therefore, be wrong to allow these taxes to be assessed and collected in the manner sought. None of the other sections of the tax law seems, to a majority of the court, to have any application to this case, except section 70, and clearly this case is not within it, and we can not legislate it in.

The injunction must be made perpetual.

TAFT, J., dissented, as follows: This was a suit to enjoin the auditor of the county from collecting back taxes on a lot of ninety-five acres of land, which has been appraised and assessed as a lot of twenty-five acres for some twenty years past, and on which the auditor now proposes to enforce the payment of taxes as ninety-five acres, and of correspondingly greater value.

The defendant, the auditor, answers and denies that the lot has been listed and assessed, or that taxes have been paid thereon.

The simple question to be decided is whether a lot or tract of ninety-five acres of land, having been listed and taxed as a lot of twenty-five acres for twenty years, the audtor can, under the statute, require the owner to pay back taxes as on ninety-five acres.

Here was a plain mistake in the number of acres in a

tract. It appears that this tract was a remnant of a much larger tract, from which sundry parcels had been, from time to time, sold off. It is possible, perhaps probable, that there was a surplus in the original tract, so that this remainder, after the sales, contained more actually than it contained theoretically, and that it was listed according to the original estimate. It is n t a strange circumstance for a tract to be bought and sold, and taxed, as an original survey of five hundred acres of land, when it contains a surplus, by actual measurement, of as much as seventy acres, which is about the excess in the present case. But here is a case where the discrepancy between the theoretic and actual number of acres is greater than usual. This may result, as we have suggested, and probably does result, from the fact that the surplus is all contained in this remnant, and none of it in the parcels which had been conveyed.

The defendant claims the right to collect back taxes on this land under section 70 of the tax act of April 5, 1859. This section "made it the duty of every person seized of or holding lands as mentioned in the first section of this act, to list the same for taxation with the county auditor, on or before the third Monday of May then next after the same should be subject to taxation, and in case of neglecting to list the same as aforesaid the county auditor should, when the same should thereafter be listed, charge upon each *tract* so neglected to be listed the taxes for *each year* the same should have been omitted after becoming liable for taxation, together with twenty-five per centum penalty, and six per centum interest thereon, in addition to the taxes of the current year."

This presents a difficult question. If back taxes, which should have been assessed and paid, can not be collected under this section, it is not easy to find any authority by which it can be done. If a lot has been appraised, and yet has been altogether omitted from the duplicate, it seems to me that this section gives the auditor the power to bring it upon the list, and to enforce the payment of back taxes,

as well as the taxes for the current year. The appraisement would, in such a case, furnish a guide for the proper assessment for each year, and the amounts to be collected would be readily ascertainable; and under that section the property-holder would be himself guilty of neglect in suffering his lot to remain off the duplicate. If a man owns a tract of land which has been neither appraised nor assessed for taxes, nor listed, it would clearly be the duty of the owner, under that section, to list it, so that it might be appraised and taxed. If it has been omitted altogether, it appears to be the intent of this section that the auditor shall list it and charge the taxes, with the penalties and interest. In this latter case the auditor would have to appraise and assess it himself for each year, as there is no other provision for doing it. As the object of the act is equitable, and not at all in the nature of a forfeiture, so far as the payment of the tax itself is concerned, it is not in accordance with judicial construction to let the statute fail because the specific manner in which it is to be enforced is not specified. Under another provision in the tax act, the auditor is intrusted with the duty of ascertaining the value. To make this section effectual it is necessary that he should do the same thing under this section. Rather than allow this just provision to fail, it becomes necessary to hold that the statute intends that he shall exercise that power and that duty, and I think it reasonable to so hold.

The question then arises whether here has been such an omission. A tract of land purporting to contain twenty-five acres has been taxed for several years. But the plaintiff has owned ninety-five acres during the same time. Have these seventy acres been omitted, or have they been listed?

If the plaintiff had, himself, listed it as twenty-five acres, would it have been a compliance with this requirement of the act, which requires every owner to list his lands for taxation? It seems to me not. The discrepancy is too great; and although it is the *tract* of land which is regarded in listing for taxation, the number of acres is one of the ele-

ments of listing which can not be ignored, and is not ignored in the description of tracts of land for taxation. If the owner should describe his land as in the wrong place, if he should locate it in a desert instead of a fertile part of the country, it would be a vain thing, and not a fulfillment of his duty; and so if he represents a tract as containing twenty-five acres when it actually contains ninety-five acres, I think he has failed to perform his duty, and that there are seventy acres of his land omitted from the list, for which he ought to pay back taxes for the time during which he has so listed his land. Nor can I perceive any hardship in such an application of the provision.

We are now brought to the precise case before us. The owner has not listed his land, but says that the assessors have done so, and that he is not responsible for the accuracy of their description or appraisement. The auditor finds a tract listed as twenty-five acres, and he finds that there are seventy acres which have not been listed nor appraised, and he brings it upon the duplicate, and charges it with the back taxes, ascertaining the value as best he can, and we are called upon to enjoin him.

Now, if we suppose that he is right in his estimate, and that seventy acres of this land have not been estimated or appraised for taxes, ought we to enjoin him from proceeding? I think not. But it is claimed that the whole tract may have been fairly appraised, though described as but twenty-five acres. If that is so, the plaintiff should at least come forward with a showing to that effect, before asking an injunction to stop the auditor in the performance of a duty which the statute has devolved upon him.

It is said that back taxes are charged by the auditor on the entire lot of ninety-five acres, when taxes have been paid on twenty-five acres. If that is so, a decree might be drawn correcting the list in that particular.

I do not intend to hold that the statute contemplates that every inaccuracy of description of the number of acres in a tract of land is sufficient to justify the auditor in claiming

back taxes. But I do think that the omission of three-fourths of the land from the description is a ground on which the auditor may well take the matter in hand, and if satisfied that the three-fourths omitted from the description have not been included in the appraisement or assessment, may list it under section 70. It is a question of fact which, in the first instance, the auditor must decide.

Section 29 (2 S. & C. 1450, 1451) shows that the number of acres is an element of the listing.

Section 33 (2 S. & C. 1452) shows that the auditor may, in certain cases where it is necessary, or where there is no assessor to ascertain it, ascertain the value of lands for taxation, and carry them into the duplicate.

Section 35 (2 S. & C. 1453) shows how the auditor may, from time to time, correct errors in the name of the owner, in the valuation, description, or quanity of any tract or lot contained in the list of real property in the county, but is not to deduct anything without authority from the board of equalization.

Section 47 requires the county auditor to make list of taxable property, with separate tracts, etc.

Section 48 requires him to assess taxes to be levied for the current year, adding the taxes of any previous year that may have been omitted.

Upon the whole case, I am of opinion that the injunction should be dissolved.